UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C.,

                  Plaintiff,

        -v-

DOES 1-10,

                  Defendants.

21-CV-6730 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff DISH Network L.L.C. alleges that unidentified Defendants Does 1-10 distributed Plaintiff's exclusively licensed television channels in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. (Dkt. No. 1.) Plaintiff filed a motion seeking permission to take expedited discovery from various third-party service providers associated with the supposed violation, including but not limited to Overall IT Services Private Ltd., NOCIX LLC, Fast Domain Inc., and Phoenix NAP. (Dkt. No. 5.) Specifically, Plaintiff seeks to identify Defendants' names and addresses.

    The Court concludes that there is good cause to allow some expedited discovery in this case because, without it, Plaintiff will not be able to ascertain Defendants' identities or effect service on Defendants. Plaintiff has conducted a two-year investigation into Defendants' activities and has identified no more than Defendants' IP addresses and account names. Plaintiff appears to lack "any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers." *See Digital Sin, Inc. v. Does 1-176*, No. 12 Civ. 126, 2012 WL 263491, at *2 (S.D.N.Y. Jan. 30, 2012).

    Accordingly, it is hereby

ORDERED that Plaintiff is allowed to conduct immediate discovery on third-party service providers associated with myindian.tv, new.myindian.tv, and the My Indian TV Service with a subpoena under Federal Rule of Civil Procedure 45 seeking Defendants' names and current and permanent addresses.  The subpoena shall have a copy of this order attached.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of this order on any third-party service provider that it intends to subpoena and that the third-party service provider shall serve a copy of this order on any Defendant.  A third-party service provider may serve a Defendant using any reasonable means, including written notice sent to the Defendant's last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Defendants shall have 60 days from the date of service of this order upon them to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  A third-party service provider may not turn over a Defendant's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if a Defendant or third-party service provider files a motion to quash the subpoena, the third-party service provider may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the third-party service provider to resume in turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without a Defendant or third-party service provider contesting the subpoena, the third-party service provider shall have 10 days to produce the information responsive to the subpoena to Plaintiff.  If a Defendant moves to quash or modify the subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the appropriate third-party service provider so that it is on

notice not to release the Defendant's contact information to Plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that a third-party service provider shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

IT IS FURTHER ORDERED that any subpoenaed third-party service provider shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If a third-party service provider elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

The Clerk of Court is directed to close Docket No. 5.

SO ORDERED.

Dated: August 12, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge