UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DISH NETWORK L.L.C.,

                Plaintiff,

     - against -

SANJEEV KUMAR, TSVETOMIR
DOBRILOV, and DOES 1-5,

                Defendants.

------------------------------------------------------------x

21-CV-6730 (JPO)

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

J. PAUL OETKEN, District Judge:

    Having considered the submissions in support of Plaintiff DISH Network L.L.C.'s ("DISH's") Motion for Default Judgment and Permanent Injunction against Defendants Sanjeev Kumar and Tsvetomir Dobrilov (collectively, "Defendants"), and the pleadings on file, DISH's Motion is **GRANTED**, and Judgment shall be and hereby is entered against Defendants and in favor of DISH on Count I of the First Amended Complaint in this action (the "Complaint" or "Compl."), Dkt. 16, as follows.

    1.    For purposes of this Default Judgment and Permanent Injunction, the following definitions shall apply:

        a.    "Protected Channels" mean: ARY Digital; Dunya TV; Express News; Geo News; Hum Masala TV; Hum TV; Hum Sitaray; Hum World; Sony Pal; SAB; and SET;

        b.    "Registered Works" means the 177 copyrighted television programs that aired on the Protected Channels, are registered with the U.S. Copyright Office, and that are listed in Exhibit 1 to the Complaint;

        c.    "DISH's Copyrighted Programming" means each of those audiovisual or motion picture works, or portions thereof, whether now in existence or later created, in which DISH (or any parent, subsidiary, or affiliate of DISH), owns or controls an exclusive

right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"), including without limitation the Registered Works and the additional unregistered works listed in Exhibit 2 to the Complaint;

    d.    "Comparable Service" shall mean any service, website or application that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise distributes or publicly performs, directly or indirectly, by means of any device or process, any of DISH's Copyrighted Programming;

2.    This Court has personal jurisdiction over Defendants and jurisdiction over the subject matter at issue pursuant to 28 U.S. C. §§ 1331 and 1338. This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

## Defendants Are Liable for Copyright Infringement

3.    DISH's copyrights in the Protected Channels are valid and enforceable. DISH holds, or held during the relevant time period, the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and the internet, the programs that make up the Protected Channels.[1]

4.    Defendants operated a global pirate television service, branded in the United States by the name My Indian TV (the "My Indian TV Service").[2] Defendants used the My Indian TV Service – including the websites MyIndian.tv and new.MyIndian.tv – to knowingly and unlawfully

---

[1] DISH's exclusive rights as to the Protected Channels are currently in effect, with the exception of the following channels for which DISH's exclusive rights expired on the dates indicated: ARY Digital (April 26, 2021); Dunya TV (August 11, 2021); Express News (February 21, 2022); Geo News (April 15, 2021); and HUM Masala, HUM TV, HUM Sitaray, and HUM World (November 17, 2021).

[2] Defendants apparently disabled the My Indian TV Service in April 2022.

transmit in the United States television channels (and the copyrighted programs on those channels) originating from India and Pakistan that are or were exclusively licensed to DISH in the United States.

5. Defendants sold subscriptions to the My Indian TV Service that enabled customers (the "Service Users") to access and view infringing streams of DISH's Copyrighted Programming 24 hours per day, 7 days per week.

6. Defendants directly and secondarily infringed DISH's exclusive rights to distribute and publicly perform the Protected Channels, and the copyrighted programs that make up the Protected Channels, in the United States, in violation of the Copyright Act. Specifically, Defendants infringed the 177 Registered Works, as well as a vast number of additional programs that aired on the Protected Channels, whose episodes are each copyrighted works to which DISH holds or held exclusive distribution and public performance rights, and for which not all episodes have been registered with the United States Copyright Office. *See* Compl. Ex. 2.

7. Defendants committed the following acts, each of which constituted infringement of DISH's exclusive distribution and public performance rights under the Copyright Act:

   a. capturing the copyrighted programs that make up the Protected Channels and converting them to internet-friendly formats and directly transmitting such content to Service Users in the United States;

   b. transmitting the copyrighted programs that make up the Protected Channels through the My Indian TV Service to Service Users in the United States;

   c. unlawfully publicly performing the copyrighted programs that make up the Protected Channels;

d. unlawfully distributing the copyrighted programs that make up the Protected Channels;

e. knowingly marketing and advertising the My Indian TV Service in the United States as a means of accessing the Protected Channels and the copyrighted programs that make up the Protected Channels;

f. knowingly facilitating access by Service Users in the United States to the Protected Channels and the copyrighted programs that make up the Protected Channels, despite Defendants' ability to prevent such access; and

g. knowingly inducing the infringement of DISH's exclusive distribution and public performance rights by, among other things, creating the audience for that infringement in the United States.

8. Defendants demonstrated their willfulness and actual knowledge that their acts constituted infringement of DISH's exclusive rights by continuing the acts detailed in ¶¶ 7(a)–(g) above, even after receiving cease and desist letters from DISH.

9. Defendants' infringement of DISH's exclusive rights in each copyrighted program constitutes a separate and distinct act of copyright infringement in violation of the Copyright Act.

## Damages

10. Defendants are jointly and severally liable for each act of infringement described above because they personally directed, authorized, supervised, or participated in, and financially benefited from such infringing conduct.

11. Defendants' actions were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of DISH.

12. Pursuant to 17 U.S.C. § 504(c), Defendants are hereby ordered to pay damages to DISH in the amount of **$26,550,000**, which constitutes $150,000 for each of DISH's 177 Registered Works.

13. Defendants are ordered to pay post-judgment interest, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

### Permanent Injunction

14. Unless enjoined by the Court, Defendants are likely to continue and/or resume engaging in acts that cause substantial and irreparable injury to DISH, including damage to DISH's reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law. Although Defendants appear to have disabled the My Indian TV Service in April 2022, their past attempts to evade enforcement of copyright laws, and to otherwise avoid accountability for their unlawful actions, justify entry of a permanent injunction to ensure that they do not continue and/or resume their infringing activities.

15. Defendants, and all of their parents, subsidiaries, affiliates, officers, agents, servants and employees, and all officers, agents, servants and employees of their parents, subsidiaries and affiliates, and all those persons or entities acting in active concert or participation with Defendants (including but not limited to parties that procure or provide sales, distribution, primary and backup storage services, or web, server or file hosting services on behalf of Defendants, including but not limited to those parties listed in **Exhibit A**) and all persons and entities who receive actual notice of this Order (collectively, the "Enjoined Parties") are immediately and permanently enjoined from engaging in any of the following activities:

a)  reproducing, distributing, publicly performing, and/or in any way transmitting DISH's Copyrighted Programming unless authorized by DISH in a signed, written agreement;

b)  inducing, encouraging, causing, facilitating, and/or materially contributing to the unauthorized reproduction, distribution, public performance, and/or transmission by others of DISH's Copyrighted Programming;

c)  distributing, selling, advertising, marketing, or promoting the My Indian TV Service or any Comparable Service, or any product (including set-top boxes, applications, or software) used to access the My Indian TV Service or any Comparable Service;

d)  providing or controlling servers that contain any of DISH's Copyrighted Programming; or

e)  otherwise infringing DISH's rights in DISH's Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

16.  Defendants and all of their parents, subsidiaries, affiliates, officers, agents, servants and employees, and all officers, agents, servants and employees of their parents, subsidiaries and affiliates are permanently enjoined from enabling, assisting or consulting with other persons or entities to do any of the activities described in ¶¶ 15(a)-(e) above, including but not limited to entering into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration, any part of the system, software, source code, data file, other technology, domain names, trademarks, brands, or files used in connection with the My Indian TV Service or any Comparable Service.

17.  As the Court has personal jurisdiction over Defendants and has concluded that the conduct of Defendants infringes DISH's Copyrighted Programming in the United States under the

6

copyright laws of the United States, this Permanent Injunction enjoins the conduct of Defendants wherever they may be found.

18.     Third parties who provide web, server or file hosting services, data center or colocation services, or primary and backup storage services (including but not limited to cloud storage services), or who provide services used in connection with any activities enjoined under Paragraph 15 hereinabove – including but not limited to: back-end service providers; service providers routing traffic or providing bandwidth; content delivery networks; domain name server systems; content hosting websites; search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and internet keyword advertising); domain name registration privacy protection services; providers of social media services, user generated and online content services; and data security services (including but not limited to denial-of-service attack prevention, firewall and proxy services) – and who receive actual notice of this Order – are immediately and permanently enjoined from providing such services to (i) any Enjoined Parties in connection with any of the activities enjoined under Paragraph 15 hereinabove; and (ii) any server, IP address, domain name or website used in conjunction with the My Indian TV Service or any Comparable Service.

19.     The domain name registries and/or registrars holding or listing the domain name myindian.tv (including but not limited to NameCheap, Inc.) or one or more of the domain names used in connection with the activities enjoined under Paragraph 15 hereinabove, who receive actual notice of this Order, shall (1) disable those domains, or any subset of these domain names specified by DISH, through a registry hold or otherwise, and make them inactive and non-transferable other than to DISH; and (2) at the direction of DISH, transfer these domain names DISH or DISH's

ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of DISH's choosing.

20. Service by personal service upon Defendants at their last known email addresses – specifically, itsolutions90@live.com; fsindpayments@gmail.com; and tdobrilov@gmail.com – is deemed sufficient notice to Defendants under Federal Rule of Civil Procedure 65 and pursuant to this Court's Order Granting Plaintiffs Leave To Serve Defendants by email, dated April 5, 2022 (Dkt. No. 20). No acknowledgement of service by Defendants is required for this Order to be enforceable.

21. This Permanent Injunction shall bind the Enjoined Parties. Defendants shall provide a copy of this Permanent Injunction to their officers, agents, servants, employees, attorneys, principals, shareholders, members, current and future administrators or moderators of the My Indian TV Service or any Comparable Service associated with Defendants.

22. Violation of this Permanent Injunction shall expose Defendants, the Enjoined Parties and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

23. Within 14 days of the date the Court enters this Permanent Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants have complied with the Permanent Injunction.

24. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

25. DISH may obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Default Judgment and Permanent Injunction to any of:  the Enjoined Parties,

their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; and third parties providing services to the Enjoined Parties in connection with the My Indian TV Service or any Comparable Service.

26. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

**IT IS SO ORDERED**. The Clerk of Court is directed to close the motion at Docket Number 32 and to close the case.

DATED October 4, 2022.

UNITED STATES DISTRICT COURT

By: _____

J. PAUL OETKEN
United States District Judge